**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 26-CR-119** |
| **v.** | : | |
| | : | |
| **TISHA LEE,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States, by and through the undersigned counsel, respectfully submits this Memorandum in Aid of Sentencing with respect to defendant Tisha Lee.

Ms. Lee's conduct was a profound betrayal of the trust placed in her as a government contract employee. As the Statement of Offense describes, Ms. Lee issued fraudulent employment verification letters purporting to be official correspondence from a federal government agency. She did so knowing that these letters would be used to obtain apartments under false pretense, and her actions were not an isolated lapse in judgment but part of a troubling pattern: investigators discovered that she had engaged in nearly identical misconduct during her prior contract employment with the U.S. Forest Service.

Such a breach of trust demands accountability. A meaningful sentence is necessary not only to reflect the seriousness of the defendant's conduct and the harm it enabled, but also to reaffirm that those who misuse federal authority for personal purposes, or to assist others in circumventing legitimate processes, will face appropriate consequences.

## I. Defendant's Fraudulent Conduct

From in or about March 2025 until March 2026, the defendant was employed as a contract employee working in the Human Capital section of the U.S. Government Publishing Office (GPO). In her position, the defendant did not have the authority to create or transmit

letters to individuals either offering employment or verifying existing employment.

On at least ten occasions, Ms. Lee used her government email address (tlee@gpo.gov) to transmit false and fraudulent letters in which she purported to offer employment at GPO to those individuals. *See* Statement of Offense, Dkt. No. 20, ¶ 2.[1] At the time that Ms. Lee transmitted each of those letters, she knew that the letters were false and fraudulent in that none of the recipients had, in fact, been offered employment with GPO. *Id.* ¶ 3.

Ms. Lee also knew that the recipients of these letters intended to use the letters as false evidence of employment and income required in connection with applications to rent apartments in the District of Columbia. *Id.* In numerous instances, personnel associated with management of those apartment buildings contacted Ms. Lee by email to request that she fill out a form to verify the applicant's employment. Ms. Lee responded to those requests by falsely verifying that the recipient of Ms. Lee's false and fraudulent letters was employed at the GPO. *Id.* ¶ 4.

It is difficult to understand what led Ms. Lee to engage in this brazenly illegal behavior. Ms. Lee was compensated by the recipients of these false and fraudulent letters, but it does not appear that she received much money in exchange for this exercise of her apparent authority as a contract employee of the U.S. Government. For example, on May 7, 2025, several weeks after he received one of these letters, one recipient sent Ms. Lee fifty dollars using the Zelle application, with a note stating "Verge app" – a reference to his application for a lease at The Verge Apartments in Southwest DC. *Id.* ¶ 5.

In addition, Ms. Lee's decision to betray the trust placed in her in connection with her contract work for the GPO was not something new. Before she worked as a contractor for the

---

[1] The specific details of those letters are set forth in the Statement of Offense (Dkt. No. 20) adopted by Ms. Lee as part of her entry of a guilty plea in this case.

GPO, Ms. Lee worked as a contractor for the U.S. Forest Service. A review of records from Ms. Lee's tenure with that agency revealed at least three occasions on which she sent similar false and fraudulent employment verification letters.[2]

Finally, Ms. Lee's provision of these false and fraudulent letters had consequences. For example, the result of the specific letter that is the subject of the offense to which Ms. Lee pled guilty was a loss of $35,571.80 in unpaid rent to the company that manages the apartment building in question.

## II. The Plea Agreement and the D.C. Voluntary Sentencing Guidelines

Pursuant to her plea agreement, Ms. Lee waived the right to be indicted and consented to the filing of an information charging her with Wire Fraud, in violation of 18 U.S.C. § 1343, and Fraud in the Second Degree, in violation of D.C. Code § 22-3221(b). On June 16, 2026, consistent with the terms of the plea agreement, Ms. Lee pled guilty to Count Two of the Information, charging her with Fraud in the Second Degree. The parties agreed in the plea agreement that Count One of the Information will be dismissed at sentencing.

In the plea agreement, the parties agreed that the 2026 D.C. Voluntary Sentencing Guidelines apply, that Count Two is in Offense Severity Group 9, and that the defendant is estimated to have zero criminal history points and a Criminal History Score of "A". The estimated range under the Main Grid of the D.C. guidelines is 1 to 12 months imprisonment, which may include prison, long or short split, or probation. The parties also agreed that the Court would determine whether, and in what amount, mandatory restitution was required.

---

[2] Rather than file those materials with this memorandum on the public docket, the Government will make those other letters available to the Court if the Court wishes to view them in connection with the sentencing hearing.

## III. The Factors Set Forth in 18 U.S.C. § 3553(a)

Title 18, United States Code § 3553(a) sets forth the factors that the Court must consider when fashioning the appropriate sentence for a defendant.

### A. The Nature and Circumstances of the Offenses and the Need for the Sentence to Reflect the Seriousness of the Offense

The offense that Ms. Lee committed is serious for at least two particular reasons. First, Ms. Lee's willingness to engage in fraud using the letterhead of the GPO was a betrayal of trust placed in her as a contract employee of the U.S. Government. The fact that Ms. Lee committed this fraud using her position with a U.S. Government agency makes it far more serious than if she had been acting only on behalf of a private company. Second, Ms. Lee provided these letters knowing that they were to be used to commit a crime and, in fact, the recipient of at least one of the letters used the apartment that he obtained by using the false and fraudulent letter to commit other crimes.

### B. The Need to Promote Respect for the Law and to Deter the Defendant and Others from This Type of Criminal Conduct

The nature of this offense makes it particularly important to signal to others that this sort of criminal conduct will be punished. The functioning of government agencies aided by contract employees relies heavily on the ability to trust those contract employees to exercise their authority legally and appropriately. A meaningful sentence in this case will serve to deter others from believing that they can commit this sort of offense with impunity.

### C. The History and Characteristics of the Defendant

The fact that defendant is well-educated and has a history of gainful employment makes it even harder to understand her commission of this offense for which it appears she received very little in terms of compensation. The fact that defendant appears not to have committed this offense

for the money makes it even more important that the Court impose a meaningful punishment, as it shows disregard for legal obligations rather than financial motivation.

## CONCLUSION

Based on all of the relevant factors, the Government submits that a sentence within the applicable guidelines range would be appropriate. In order to ensure that the sentence properly reflect the seriousness of Ms. Lee's offense, the Government also requests that the Court follow the recommendation of the probation office that Ms. Lee be required to make restitution of $35,571.80.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: /s/ *David B. Deitch*
DAVID B. DEITCH
D.C. Bar No. 426218
Assistant United States Attorney
Fraud, Public Corruption,
and Civil Rights Section
601 D Street, NW, Room 5.238
Washington, DC 20530
(202) 252-7796
david.deitch@usdoj.gov